UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
KATHLEEN KILMETIS,

        Plaintiff,

                                  **ORDER**
                                24-CV-04452 (JMW)

    -against-


WAL-MART STORES EAST, LP,

        Defendant.
-------------------------------------------------------------X

**A P P E A R A N C E S:**

Bartolomeo A. Pittari
**Greenstein & Milbauer LLP**
1825 Park Avenue
New York, NY 10035
*Attorney for Plaintiff*

Joseph O'Connor
Patricia O'Connor
**O'Connor & O'Connor, Esqs.**
7 Bayview Avenue
Northport, NY 11768
*Attorneys for Defendant*

**WICKS,** Magistrate Judge:

      Plaintiff Kathleen Kilmetis ("Plaintiff") commenced the underlying action[1] against Defendant Wal-Mart Stores East, LP ("Walmart" or "Defendant") asserting claims of negligence following her slip and fall at Defendant's store located at 3335 Hempstead Turnpike, Levittown, New York on September 5, 2023, resulting in alleged injuries to her neck, back, and hand. (*See*

---

[1] On June 24, 2024, Defendants removed this action from the Supreme Court of the State of New York, Suffolk County, to this Court on grounds of diversity jurisdiction. (*See* ECF No. 4.)

1

*generally* ECF No. 4.) Plaintiff, during the course of discovery, sought to depose Colin Jones, an assistant manager at Defendant's store who was working on the day of Plaintiff's accident and tended to Plaintiff immediately after her slip and fall. (*See* ECF No. 24.) Jones, however, did not appear for his deposition scheduled for January 14, 2025 because of his ongoing medical condition of anxiety and panic attacks which, as he claims, were exacerbated in anticipation of appearing for his deposition. (*See* ECF No. 25 at p. 1.)

On February 20, 2025, the undersigned denied Plaintiff's motion to compel regarding Jones's outstanding deposition without prejudice and with leave to renew, noting that Walmart has the right to designate a 30(b)(6) witness, yet stated that "[i]f Plaintiff has a good faith belief that Colin Jones, the originally-selected deponent, is a percipient witness independent of a 30(b)(6) witness, then Plaintiff must subpoena Mr. Jones, affording Defendant Walmart an opportunity to accept service of this subpoena on Mr. Jones's behalf. In the event this occurs, and if Defendant Walmart believes the subpoena should be quashed, it shall make a motion to quash at that time." (Electronic Order dated 2/20/2025.) Consequently, Defendant agreed to produce Litza Colon[2] as an alternative 30(b)(6) witness. (*Id.* at p. 2.) Colon, also an employee of Defendant, was an eyewitness of Plaintiff's accident. (ECF No. 29 at p. 2.) Though Colon was deposed on April 25, 2025 (ECF No. 30 at p. 2), Plaintiff served an additional deposition subpoena upon Jones seeking his appearance for a remote deposition on April 11, 2025. (ECF No. 29-1.) Presently before the Court is Defendant's motion to quash this deposition subpoena. (ECF No. 29.) Plaintiff opposes.[3] (ECF No. 30.)

---

[2] In Defendant's motion, it refers to Litza Colon "(aka Litza Denisse)." (ECF No. 29 at p. 2.)

[3] Defendant filed an unauthorized reply on May 6, 2025. (ECF No. 31); *see* Electronic Order dated 4/21/25 (setting opposition date but not addressing nor permitting an opportunity for a reply). Even after considering the arguments set forth in the reply, the undersigned's conclusion remains unchanged.

2

## **DISCUSSION**

"[A] valid subpoena is a legal instrument, non-compliance with which can constitute contempt of court." *Daval Steel Prods. v. M/V Fakredine*, 951 F.2d 1357, 1364 (2d Cir. 1991). Subpoenas that are validly issued and served "under Rule 45(a)(3) operate as enforceable mandates of the court on whose behalf they are served." *Freund v. Weinstein*, No. 08-cv-1469 (FB)(MDG), 2009 U.S. Dist. LEXIS 109387, at *2 (E.D.N.Y. 2009).

"A subpoena issued to a non-party pursuant to Rule 45 is subject to Rule 26(b)(1)'s overriding relevance requirement." *Warnke v. CVS Corp.*, 265 F.R.D. 64, 66 (E.D.N.Y. 2010) (internal quotes omitted). As such, "the party issuing the subpoena must demonstrate that the information sought is relevant and material to the allegations and claims at issue in the proceedings." *Knight v. Local 25 IBEW*, No. 14-cv-6497 (DRH) (AKT), 2016 U.S. Dist. LEXIS 45920, *4 (E.D.N.Y. Mar. 31, 2016) (citation omitted). "The definition of relevance under Fed. R. Evid. 401 is very broad, and as a result, the standard for relevance is very low. So long as a chain of inferences leads the trier of fact to conclude that the proffered submission affects the mix of material information, the evidence cannot be excluded at the threshold relevance inquiry." *Eletson Holdings, Inc. v. Levona Holdings Ltd.*, 23CV7331 (LL), 2025 WL 1314239, at *1 (S.D.N.Y. May 6, 2025) (quoting *United States v. Jones*, No. 16-cr-0553 (AJN), 2018 WL 1115778, at *9 (S.D.N.Y. Feb. 27, 2018)) (cleaned up) (Nathan, J.). However, once relevance is demonstrated, the party opposing the subpoena must come forth and demonstrate "that the subpoena is over-broad, duplicative, or unduly burdensome." *Knight,* 2016 U.S. Dist. LEXIS 45920, *4 (citation omitted).

Here, the potential testimony of Jones is relevant and will not be cumulative. Following Plaintiff's accident, Jones was the first one on the scene and subsequently drafted an incident

3

report, catalogued evidence from the slip and fall, preserved video surveillance, took Plaintiff's statement, and provided his findings and information to Walmart Claims Services—an administrative unit of Walmart which later interviewed Plaintiff about the accident. (*See* ECF No. 30 at p. 2.) Moreover, Jones may speak to post-accident events and conversations he had with Plaintiff—issues that only Jones can address considering Colon did not take part in post-accident information gathering. (*See id.* at pp. 2-3.) Indeed, Colon's eyewitness perception of the accident, coupled with Jones's post-accident reports and evidence, presents the full picture of Plaintiff's accident. Jones's testimony, therefore, is not duplicative and has significant relevance.

The Court is cognizant, however, of the burden that would be imposed upon Jones should he be required to sit for an oral deposition. Jones suffers from anxiety and panic disorders that are exacerbated by high stress events like a deposition. (ECF No. 29 at p. 3.) "The mere thought of having to participate in a deposition causes [Jones] extreme fear and anxiety accompanied by physical symptoms of a racing heart, shortness of breath, sweating or clamminess, and a dry mouth. [For Jones,] [i]t feels as if [he is] suffering a heart attack." (ECF No. 29-4, Jones Aff. at ¶ 8.) In addition to Jones's affidavit detailing his condition and physical limitations, Jones submits a letter from his treating physician, Robert Burns, who stated it is "his clinical opinion" that forcing Jones to appear for a deposition "would cause impairment on his overall functioning and worsen ongoing symptoms being treated." (ECF No. 29-5.) Accordingly, through the submitted statements and corresponding letter and affidavit, the Court is satisfied that Jones has sufficiently demonstrated he is likely to endure an undue burden by sitting through an in-person oral deposition. *See Aristocrat Leisure Ltd. v. Deutsche Bank Trust Co. Ams.*, 262 F.R.D. 293, 300 (S.D.N.Y. 2009); *but see Weihai Lianqiao Int'l Coop. Grp. Co. v. A Base IX Co. LLC*, No. 21-CV-10753 (DEH), 2024 U.S. Dist. LEXIS 209185, at *3-4 (S.D.N.Y. Nov. 15, 2024) (denying a

motion to quash where the party offered a conclusory assertion that providing deposition testimony caused "incredible anxiety and stress" yet failed to provide a "specific affidavit or specific information regarding the manner and extent of the burden and the injurious consequences of insisting upon compliance.") (citation omitted).

Nonetheless, Federal Rule of Civil Procedure offers Jones a safe haven considering it provides that a party may be deposed through written questions. *See* Fed. R. Civ. P. 31(a)(1). Depositions by written questions may be appropriate in circumstances, like here, "where the issues to be addressed by the witness are narrow and straightforward and the hardships of taking an oral deposition would be substantial . . . .". *Mill-Run Tours, Inc. v. Khashoggi*, 124 F.R.D. 547, 549 (S.D.N.Y. 1989). Here, conducting a deposition through written questions will achieve a dual purpose of obtaining relevant information from Jones, while eliminating the undue burden Jones would have endured if forced to sit for an oral deposition. *See Sperano v. Invacare Corp.*, No. 03-CV-6157, 2006 WL 8456080, at *2 (W.D.N.Y. Apr. 13, 2006) (permitting the deposition to proceed through written questions under Rule 31 after considering the witness's "susceptibility to anxiety and stress" coupled with "the parties' rights to depose a potentially relevant witness"); *see also Hoffman v. Transworld Sys. Inc.*, No. 18-1132, 2021 WL 4806523, at *1 (W.D. Wash. Oct. 14, 2021) (authorizing written questions pursuant to Rule 31 as an alternative to an oral deposition, where the affiant's treating neurologist "believe[d] to a reasonable degree of neurological certainty that participation in a stressful, adversarial deposition places Affiant [] at risk of an adverse medical event such as a seizure, stroke, or severe anxiety.").

## **CONCLUSION**

For the foregoing reasons, Defendant's motion to quash (ECF No. 29) is **GRANTED IN PART and DENIED IN PART**. Colin Jones is not required to sit for a deposition by oral examination, yet Plaintiff is granted leave to serve written deposition questions upon Jones pursuant to Fed. R. Civ. P. 31.

Dated: Central Islip, New York
       May 7, 2025

                                             **S O   O R D E R E D:**
                                          /s/ *James M. Wicks*
                                              JAMES M. WICKS
                                        United States Magistrate Judge